UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PRAGMATUS TELECOM, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NETGEAR, INC.,<br><br>　　　　　Defendant. | Case No: C 12-6198 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING THE RESOLUTION OF THE VALIDITY OF THE PATENTS-IN-SUIT**<br><br>Docket 19 |

Pragmatus Telecom, LLC ("Pragmatus") brings this patent infringement action against NETGEAR, Inc. ("NETGEAR") alleging infringement of U.S. Patent Nos. 6,311,231 ("'231 Patent"), 6,668,286 ("'286 Patent") and 7,159,043 ("'143 Patent"). The parties are presently before the Court on NETGEAR's Motion to Stay Pending Resolution of the Validity of the Patents-in-Suit. Dkt. 19. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion and stays the action. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

Pragmatus is the owner of the three patents-in-suit, all of which are being litigated in pending reexamination proceedings before the United States Patent and Trademark Office ("PTO") and/or other federal district court lawsuits. More specifically, on December 12, 2012, the PTO issued an Order on a third party request for *inter partes* reexamination of the '286 Patent which rejected Claims 9-10, 16-17, 21-25 and 28. See Wang Decl. ¶¶ 5-8, Exs. C & D, Dkt. 20-3, 20-4. As for the '231 Patent, which is the subject of an *ex parte* reexamination, the PTO found that there is a "substantial new question of patentability" for

Claims 9-12. See id. Ex. E, Dkt. 20-5.[1] The request for *inter partes* reexamination of '043 patent was denied on November 26, 2012. See Pl.'s Opp'n at 2, Dkt. 24. In addition to the PTO actions, all three of the patents-in-suit are at issue in pending lawsuits involving Pragmatus in the District of Delaware and the Eastern District of Texas. See LivePerson Inc. v. Pragmatus Telecom LLC, No. 1:2012-cv-147 (D. Del.); Pragmatus Telecom LLC v. Neiman Marcus Group, Inc., No. 6:2011-cv-620 (E.D. Tex.). The validity of the patents-in-suit is at issue in those cases. See Wang Decl. ¶¶ 35-40.

On December 6, 2012, Pragmatus filed the instant patent infringement action in this Court. Pragmatus does not allege that any of NETGEAR's products infringe the patents-in-suit. Rather, Pragmatus claims that the software used on NETGEAR's website to facilitate a "click-to-chat" feature is infringing. See id. Ex. B at 1, Dkt. 20-2. NETGEAR does not own and did not develop the click-to-chat software; rather it licenses the software from a third party for approximately $7,000 per year. See Sze Decl. ¶ 6, Dkt. 21. Nonetheless, Pragmatus has demanded a $400,000 licensing fee from Pragmatus. See Wang Decl. Ex. B at 2.

NETGEAR now moves the Court for an Order staying the instant action pending resolution of the reexamination proceedings. Pragmatus opposes the motion. The matter has been fully briefed and is ripe for adjudication.

## II.   **LEGAL STANDARD**

A district court has the discretion to stay judicial proceedings pending reexamination of a patent. Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008). In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Spectros Corp. v. Thermo

---

[1] A third party requestor may participate in an *inter partes* reexamination, but not in an *ex parte* reexamination. 35 U.S.C. §§ 305, 314(b)(2). NETGEAR did not initiate the reexamination proceedings involving the patents-in-suit.

Fisher Scientific, Inc., No. C 09-1996 SBA, 2010 WL 338093, at *2 (N.D. Cal. Jan. 20, 2010).

## III. DISCUSSION

### A. STAGE OF THE LITIGATION

There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of the PTO reexamination or reissuance proceedings, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. Yodlee, Inc. v. Ablaise Ltd., No. C 06-7222 SBA, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009). Here, the action was filed only a few months ago on December 6, 2012, and no trial date or other pretrial deadlines have been established.

Pragmatus does not dispute that this case is in its embryonic stage, but nonetheless contends that *the reexamination proceedings* are in their "infancy," and therefore, the Court must, in turn, "balance the stage of the reexamination proceedings against the stage of the patent litigation." Opp'n at 6, Dkt. 24. In this Court's view, however, it is the stage of the *instant action*, not the reexamination, that is germane to whether a stay is appropriate. See AT & T Intellectual Property I v. Tivo, Inc., 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011); accord Sonics, Inc. v. Arteris, Inc., No. C 11-5311 SBA, 2013 WL 503091, at *1 (N.D. Cal. Feb. 8, 2013); Ho Keung Tse v. Apple, Inc., No. C 06-6573 SBA, at *2 (N.D. Cal. May 5, 2010); Esco Corp. v. Berkeley Forge & Tool, Inc., No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009); Yodlee, 2009 WL 112857, at *3. The Court thus finds that the fact that the stay is being sought early in the litigation militates in favor of a stay.

### B. SIMPLIFICATION OF THE ISSUES AND TRIAL

"The second factor examines whether a stay pending reexamination will simplify the issues in question and trial of the case." AT & T Intellectual Property I, 774 F. Supp. 2d at 1052; see also Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is

1  canceled) or to facilitate trial of that issue by providing the district court with the expert
2  view of the PTO (when a claim survives the reexamination proceeding)").
3      Pragmatus argues that a stay is not warranted because the '043 patent is not being
4  reexamined, and that the reexamination of the '231 and '286 patents will not address all of
5  the defenses NETGEAR intends to assert in this action.  However, a stay request is not
6  contingent upon the reexamination proceeding being coterminous and resolving every
7  claim and issue in this action.  Rather, the salient question is whether the reexamination
8  will aid the Court or otherwise streamline the litigation.  See Sonics, 2013 WL 503091, at
9  *2 ("should the PTO cancel any of the asserted claims of the patents-in-reexamination or
10 narrow any of the asserted claims in the patents-in-reexamination, the scope of this
11 litigation may be significantly simplified."); AT & T Intellectual Property I, 774 F. Supp.
12 2d at 1053 (rejecting argument that a stay was inappropriate because the reexaminations are
13 unlikely to cancel or modify all of the patent claims at issue).
14     Alternatively, Pragmatus contends that there is no benefit to staying the action given
15 that NETGEAR "has not agreed to be bound by the outcome of the reexamination of either
16 the '231 patent or the '286 patent."  Opp'n at 7.  The import of Pragmatus's contention is
17 unclear.  A defendant is not estopped from challenging patent validity in a future civil
18 action following an *ex parte* reexamination.  See Xilnx, Inc. v. Invention Inv. Fund I LP,
19 No. 5:11-cv-00671 EJD, 2012 WL 6003311, at *3 n.3 (N.D. Cal. Nov. 30, 2012) (citing
20 cases).  Nor is there any estoppel in an *inter partes* reexamination as to a party, such as
21 NETGEAR, which did not request the reexamination.  See 35 U.S.C. § 315(e)(2).
22 Accordingly, whether or not NETGEAR seeks to reassert arguments rejected by the PTO
23 during the reexamination proceedings is inapposite.
24     C.   **PREJUDICE AND TACTICAL CONCERNS**
25     The third factor examines whether a stay would unduly prejudice or present a clear
26 tactical disadvantage to the non-moving party.  See Sonics, 2013 WL 503091, at *1.
27 Pragmatus complains that a stay would force it "to litigate this case at least twice: once
28 against defendants who have not sought a stay and yet again against those defendants who

1  have sought a stay once the reexamination process is resolved." Pl.'s Opp'n at 8.  That
2  argument strains credulity given that Pragmatus has commenced close to fifty lawsuits in
3  district courts throughout the country.  Wang Decl. Ex. I, Dkt. 20-9.  Moreover, any burden
4  resulting from having to litigate the patents-in-suit is attributable to Pragmatus, which has
5  chosen to litigate the same patents in multiple judicial districts.
6      Pragmatus also asserts that a stay would unfairly delay resolution of its claims based
7  on the '043 Patent, which is not being reexamined by the PTO.  See Pl.'s Opp'n at 8.
8  However, the '043 Patent involves technology and claim terms that are similar the other
9  two patents-in-suit.  See Wang Decl. ¶ 18.  In addition, Pragmatus cannot legitimately
10 claim any prejudice resulting from a stay.  Pragmatus only seeks damages, not injunctive
11 relief.  As such, any delay resulting from a stay will not result in undue prejudice.  See
12 Pragmatus AV, LLC v. Facebook, Inc., No. C 11-0494 EJD, 2011 WL 4635512, at *3
13 (N.D. Cal. Oct. 5, 2011) (finding that a stay pending reexamination would not prejudice
14 plaintiff, which, as a non-practicing entity, could not seek injunctive relief).

**IV.    CONCLUSION**

   The Court finds that all of the factors germane to the Court's decision militate in favor of a stay.  Accordingly,

   IT IS HEREBY ORDERED THAT:

   1.   Defendant's Motion to Stay Pending Resolution of the Validity of the Patents-in-Suit is GRANTED.  This action is STAYED pending final exhaustion of all pending reexamination proceedings.

   2.   The parties shall submit a joint status report apprising the court of the status of the reexamination proceedings six months from the date this Order is filed, and every six months thereafter.  The failure to do may result in the imposition of sanctions, up to and including the dismissal of the action.

   3.   Within one (1) week following final exhaustion of all pending reexamination proceedings, including appeals, the parties shall provide notice of the same.  Said notice

1 | shall request the Court to reopen the action and to schedule a Case Management
2 | Conference.
3 |     4.    The Clerk shall ADMINSTRATIVELY CLOSE the action.
4 |     5.    All pending docket items shall be terminated.
5 |     IT IS SO ORDERED.
6 | Dated: May 13, 2013

                                              _____
SAUNDRA BROWN ARMSTRONG
United States District Judge